IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BOB K. MARTIN                                                                                          PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:08cv1336WJG

PHILLIPS 66 COMPANY, *ET AL.*                                                        DEFENDANTS

MEMORANDUM OPINION AND
ORDER OF REMAND

THIS MATTER is before the Court on motion [7] of the Plaintiff, Bob K. Martin, to remand the above referenced action to the Circuit Court of Jones County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes that Plaintiff's motion is well-taken and should be granted.

This suit was originally filed in 2004, seeking damages for alleged injuries caused by exposure to asbestos containing products. (Ct. R., Doc. 1, p. 5.) Plaintiff advances claims based on Mississippi common law causes of action, in addition to claims brought under general maritime law and the Jones Act[1]. (Ct. R., Doc. 1-2, p. 5.) Plaintiff's second amended complaint includes claims against manufacturers and distributors of products allegedly containing asbestos, and includes negligence, strict liability in tort, and a claim under the Jones Act. (*Id.*) Plaintiff

---

[1] 46 U.S.C.A. App. § 688.

asserts no claims under federal law other than claims subject to the Savings to Suitors clause[2]. (*Id.*, p. 8.)  Plaintiff contends that he used asbestos drilling mud additives during his employment with CRC Mallard, the Defendant listed as Plaintiff's Jones Act employer, and Defendants have produced no evidence to the contrary. (Ct. R., Doc. 7, p. 2.)

Suits brought pursuant to the Jones Act in a state court are not removable to the federal court.  28 U.S.C.A. § 1445(a); *Lirette v. N.L. Sperry Sun, Inc*. 810 F.2d 533 (5th Cir. 1987).  In addition, district courts should not "pretry" substantive factual issues in order to make a preliminary determination of the existence of subject matter jurisdiction on removal.  *See Green v. Amerada Hess Corp*., 707 F.2d 201, 204-205 (5th Cir. 1983).

Accordingly, because the complaint in this case asserts a claim under the Jones Act, the Court finds that the case was improvidently removed[3] and that the motion to remand should be granted.  Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  It is therefore,

ORDERED AND ADJUDGED that Plaintiff's motion to remand [7] be, and is hereby, granted.  The Clerk of this Court is directed to forward a certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi immediately.  It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned.  It is further,

---

[2] 28 U.S.C.A. § 1333(1).

[3] The Court admonishes the parties regarding factual assertions made concerning the propriety of removal of this block of cases from state court.  Briefs in other cases filed by Defendants claim that this particular case was not removed because of its Jones Act claim, when in fact, the case was found in searching Plaintiffs' counsel's claims that Jones Act cases had been included in the mass removal.

ORDERED AND ADJUDGED that each party shall bear their respective costs relative to this civil action.

SO ORDERED AND ADJUDGED this the 24th day of November, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE